TAYLOR *v*. CERTAIN-TEED PRODUCTS CORP.

5-3862                                        402 S. W. 2d 114

Opinion delivered April 18, 1966

[Rehearing denied May 24, 1966.]

*Terral, Rawlings, Matthews & Purtle,* for appellant.

*William M. Stocks,* for appellee.

PAUL WARD, Justice. This case involves the question of usury.

On September 12, 1963 Mr. and Mrs. Monroe Tay-

lor (appellants herein) and Certain-Teed Products Corporation (appellee herein) signed a written "Purchase and Sales Agreement" wherein appellee agreed to sell and appellants agreed to buy certain real estate. The sales price agreed on was $6,360. The essence of the agreement was that appellants could pay the above amount in cash or they could pay it out by monthly payments to be agreed on later when the deal was closed. The language in the agreement was: "If this transaction is a time sale, Buyer agrees to execute two notes and two mortgages in form acceptable to Seller . . . . " Appellants chose the time payment plan.

On April 21, 1964 appellants (pursuant to the above mentioned agreement) did execute two notes and two mortgages which present the issue on this appeal, and which we now proceed to discuss.

Note No. One was for $8,604, payable in monthly installments (beginning February 1, 1964) of $59.75 for 141 months.

Note No. Two was for $2,970 due December 1, 1975 bearing no interest before due date.

Later, when appellants failed to make the monthly payments appellee filed suit on Note No. One, and also asked to foreclose the mortgage securing same. Appellants answered, contending the note required payment of more than 10% interest and was therefore invalid because of usury. After a hearing the trial court found the note was not usurious and rendered a decree accordingly—thus this appeal.

It is our conclusion that the note is not usurious, and that the decree must be affirmed.

As previously stated, the cash purchase price was $6,360, but certain deductions must be made from that amount. First, it appears from the record that appellants had made three monthly payments before the note

was executed, amounting to $179.25. Next, it becomes necessary to reduce Note No. Two (for $2,970) to its value as of April 21, 1964. According to calculations based on an interest table that value is $981.05. Deducting those two mentioned amounts leaves $5,199.70, being the debt owed by appellants on April 21, 1964. According to the same authority above mentioned, the payment of $59.75 each month for 141 months would not amount to the payment of 10% interest on $5,199.70.

Appellants raise other objections relative to certain rulings of the trial court which we consider immaterial in view of what we have heretofore said.

McFADDIN, J., concurs.

AMSLER, J., not participating.